**FILED & ENTERED**

**OCT 12 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Gonzalez **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>Palmdale Hill Property, Inc. and related Debtors<br><br>Debtor(s).<br><br>―――――――――――――<br><br>Steven M Speier<br><br>Plaintiff(s),<br>v.<br><br>Argent Management, LLC, SunCal Management LLC<br><br>Defendant(s). | CHAPTER 11<br><br>Case No.:  8:08-bk-17206-ES<br>Adv No:    1:16-ap-01120-GM<br><br>**MEMORANDUM OF DECISION AND ORDER GRANTING IN PART TRUSTEE'S MOTION FOR CORRECTION OF ORDER GRANTING IN PART AND DENYING IN PART THE TRUSTEE'S MOTION FOR PARTIAL SUMMARY ADJUDICATION (Dkt. # 482)**<br><br>Date:     October 3, 2017<br>Time:    10:00 a.m.<br>Courtroom:   303 |

<u>Background</u>

     Plaintiff Stephen M. Speier (the "Trustee"), as chapter 11 trustee for debtor

-1-

SunCal Marblehead, LLC (the "Debtor"), brought a motion for partial summary adjudication (the "MPSA") of his restitution and/or unjust enrichment claim for relief against SunCal Management, LLC ("SCM"). Defendants SCM and Argent Management, Inc. (the "Defendants") opposed the MPSA.

On August 2, 2017, the Court entered an order (dkt. 470; the "Order") and a memorandum of decision (dkt. 471; the "Memorandum of Decision" or "Memorandum"), which granted the MPSA in part and denied the MPSA in part.

The Trustee has filed a motion for correction of the Order (dkt. 482; the "Motion to Correct"), the Defendants have filed an opposition to the Motion to Correct (dkt. 498), and the Trustee has filed a reply to that opposition (dkt. 499). In support of the corrections requested in the Motion to Correct, the Trustee is essentially arguing that the Order is potentially ambiguous and inconsistent with the reasoning and language of the Memorandum of Decision.

<u>Operative Language of the Order</u>

*The Motion is granted in part and denied in part.*

*The Court grants summary adjudication to the Trustee on the following issues:*
  *1. The Trustee has established a claim for unjust enrichment/restitution for the management fees paid by the Debtor to SCM (the "Management Fees"), except for the following issues:*
  - *Voluntary Payment Doctrine: Whether the Debtor's payments of Management Fees to SCM were made voluntarily and with the knowledge that the Debtor had no legal obligation to pay the Management Fees to SCM.*
  - *Incidental Benefit Doctrine: Whether the Debtor had legal obligations to pay the Management Fees or whether these Management Fees were paid to protect or improve the Debtor's property.*

  *2. The Defendants have failed to establish any defenses to the unjust enrichment/restitution claim, except for Laches and Statute of Limitations, which the Defendants may continue to assert.*

*The Motion is otherwise denied.*

<u>Corrections: Operative Language Proposed in the Motion</u>

*The Motion is granted in part and denied in part.*

*1. The Trustee has established as a matter of undisputed fact both elements of a claim for unjust enrichment under California law: benefit conferred and unjust enrichment.*
   *a. The Trustee has established as a matter of undisputed fact that SCM received a benefit of $9,163,489 in the payment of management fees (the "Management Fees") from the Debtor; and*
   *b. The Trustee has established as a matter of undisputed fact that SCM's retention of $9,163,489 in Management Fees is unjust as SCM has no legal right to the funds it received from the Debtor and SCM was or should have been aware of the circumstances which give rise to the Trustee's restitution and/or unjust enrichment claim for relief.*

*2. The Court further finds Defendants have failed to raise genuine issues of material fact as to any of their affirmative defenses to the Trustee's unjust enrichment/restitution claim except for the following affirmative defenses which the Defendants may continue to assert:*
   *a. Voluntary Payment Doctrine: Whether the Debtor's payments of Management Fees to SCM were made voluntarily and with the knowledge that the Debtor had no legal obligation to pay Management Fees to SCM;*
   *b. Incidental Benefit Doctrine: Whether the Management Fees were paid to protect or improve the Debtor's property.*
   *c. Laches: Whether the Debtor's delay from 2005 to 2008 in asserting its claim for unjust enrichment/restitution was reasonable or excusable; and*
   *d. Statute of Limitations: Whether the Trustee's unjust enrichment/restitution claim is timely.*

<u>Analysis of Proposed Changes</u>

This Motion presents a very limited issue: whether the Trustee's corrections proposed in the Motion to Correct (the "Corrections") are both consistent with the Memorandum of Decision and necessary to clearly effectuate the Court's rulings in the Memorandum of Decision. The Trustee's reasons for his proposed changes and the Court's analysis as to whether the Corrections are necessary and consistent with the Memorandum of Decision are discussed below.

The Defendants' opposition does not address whether the Corrections are consistent with the Court's ruling in the Memorandum. Instead, it essentially seeks reconsideration of the Court's ruling in the Memorandum and Order and asks the Court to *sua sponte* grant summary judgment to SCM. Thus, the arguments in the opposition are not useful to the Court's analysis of the issue presented in this Motion to Correct. (Furthermore, as the Trustee notes in his reply, the Defendants' request is procedurally improper. The Defendants are free to bring their own motion for summary judgment.)

(a) <u>Motion to Correct</u>: The Order is potentially ambiguous as it implies that the Trustee has not established his case in chief, even though the Memorandum of Decision states that the Trustee has done so. Thus, in No. 1 the Proposed Order adds (i) findings with respect to each element of unjust enrichment and (ii) the phrase "as a matter of undisputed fact" before each finding.

<u>Analysis</u>: These more detailed findings in the Corrections generally add clarity and are consistent with the Court's analysis in the Memorandum of Opinion. However, the level of detail added to the finding in 1.b. (that SCM's retention of management of fees was unjust) does not appear to be warranted and may create ambiguity.

First, the Corrections add the reason for finding SCM's retention of management fees to be unjust: "SCM had no legal right to the fees." However, the rationale for the finding is set forth clearly in the Memorandum. There is no plainly evident reason to include it in the Order. The Court is wary of summarizing its reasoning in the Order, lest that summarization take on a life its own and be used in ways inconsistent with the reasoning of the Memorandum of Decision.

Second, the Corrections add a second half to the reason for finding SCM's retention unjust: "SCM was or should have been aware of the circumstances giving rise to the Trustee's restitution and/or unjust enrichment claim for relief." The California Supreme Court in *Ghirardo v. Antonioli*, 14 Cal. 4th 39 (Cal. 1996), used lack of knowledge by the Plaintiff as an *exception* to the rule that retention of property without legal entitlement is unjust, not as additional requirement for establishing "unjust" retention. *See* Memorandum of Decision at 26:26-28. The Memorandum considered and rejected several other such exceptions *(i.e.,* doctrines that might have prevented SCM's retention from being unjust, such as the existence of a governing contract and "receipt of the exchange expected.") The Order is not explicitly finding that these other potential exceptions do not apply; putting only one exception in the Order is inconsistent and creates potential ambiguity.

(b) <u>Motion to Correct</u>: The Order states (under the Incidental Benefit Doctrine) that there is still an issue as to "Whether the Debtor had legal obligations to pay the Management Fees," while the Memorandum of Opinion acknowledges that this Court has previously held that the Debtor did not have a legal obligation to pay the Management Fees (and this holding is law of the case). Memorandum of Decision at 22:24-27; 26:2-10. Thus, the Proposed Order takes this language out.

<u>Analysis</u>: The Memorandum found that the Debtor had no legal obligation to pay management fees *to SCM*. It is the Debtor's potential obligation to pay management fees to *other parties* that remains a disputed issue of fact in the Incidental Benefit Doctrine. This change is inconsistent with the Memorandum.

(c) <u>Motion to Correct</u>: The Order states that SCM has "failed to establish any defenses . . . . except for Laches and Statute of Limitations." This implies that the Trustee has established Laches and Statute of Limitations. Thus, the Proposed Order uses "failed to raise genuine issues of material fact as to any of their affirmative defenses" instead (which is consistent with the Memorandum).

<u>Analysis</u>: This change is well taken and consistent with the Memorandum.

(d) <u>Motion to Correct</u>: The Voluntary Payment Doctrine and the Incidental Benefit Doctrine are affirmative defenses and should be moved to ¶ 2.

<u>Analysis</u>: The Voluntary Payment Doctrine is an affirmative defense. *See Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP*, 609 F. App'x 972, 978 (11th Cir. 2015); *Ellsworth v. U.S. Bank*, 908 F. Supp. 2d 1063, 1083 (N.D. Cal. 2012); *Fradis v. Savebig.com*, 2011 WL 7637785, at *7 (C.D. Cal. Dec. 2, 2011).

It has not been shown that Incidental Benefit Doctrine is an affirmative defense. The case cited by the Trustee (*Hartford Cas. Ins. Co. v. J.R. Mktg.*, 61 Cal. 4th 988, 1001 (2015)) does not support this proposition (or even mention the phrase "affirmative defense.") Furthermore, the language of cases employing the Incidental Benefit

Doctrine indicates that incidental benefits prevent enrichment from becoming unjust. In other words, incidental benefit precludes the plaintiff from ever having an unjust enrichment claim. *See, e.g., Unilab Corp. v. Angeles-IPA*, 244 Cal. App. 4th 622, 639–40 (2016), as modified (Feb. 1, 2016), review denied (May 11, 2016), and cases discussed therein; 1 Witkin, Summary 10th, Contracts, § 1020 (2005)("where the plaintiff acts in performance of his own duty or in protection or improvement of his own property, any incidental benefit conferred on the defendant is not unjust enrichment").

Accordingly, only the Voluntary Payment Doctrine should be moved to ¶2.

(e) <u>Motion to Correct</u>: In ¶2, the Corrections added a description of the issue of disputed fact for the affirmative defenses of Laches and Statute of Limitations.

<u>Analysis</u>: These descriptions are consistent with the Memorandum and do add clarity and consistency to the Order.

**<u>Ruling and Order:</u>**

The Motion to Correct is hereby granted in part. Pursuant to the analysis above, the Court will enter an amended Order with the following operative language:

*The Motion is granted in part and denied in part as follows:*

*1. With the exception of one issue of disputed fact (described in .b below), the Trustee has established as a matter of undisputed fact both elements of a claim for unjust enrichment under California law: benefit conferred and unjust enrichment.*
   *a. The Trustee has established as a matter of undisputed fact that SCM received a benefit of $9,163,489 in the payment of management fees (the "Management Fees") from the Debtor; and*
   *b. The Trustee has established as a matter of undisputed fact that SCM's retention of $9,163,489 in Management Fees is unjust, unless the Incidental Benefit Doctrine applies. The applicability of the Incidental Benefit Doctrine, which is dependent on whether the Debtor had legal obligations to entities other than SCM to pay the Management Fees or whether these Management Fees were paid to protect or improve the Debtor's property, remains a disputed issue of fact.*

*2.    The Defendants have failed to raise genuine issues of material fact as to any of their affirmative defenses to the Trustee's unjust enrichment/restitution claim except for the following affirmative defenses, which the Defendants may continue to assert:*
   *a. Voluntary Payment Doctrine: Whether the Debtor's payments of Management Fees to SCM were made voluntarily and with the knowledge*

*that the Debtor had no legal obligation to pay Management Fees to SCM;*
*b. Laches: Whether the Debtor's delay from 2005 to 2008 in asserting its claim for unjust enrichment/restitution was reasonable or excusable; and*
*c. Statute of Limitations: Whether the Trustee's unjust enrichment/restitution claim is timely.*

###

Date: October 12, 2017

Geraldine Mund
United States Bankruptcy Judge